46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dilip MUKHERJEE, Plaintiff-Appellant,
v.
SHERATON-PALACE HOTEL, Defendant-Appellee.
 No. 94-15876.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dilip Kumar Mukherjee appeals pro se the district court's summary judgment for defendant Sheraton Palace Hotel ("Hotel") in Mukherjee's civil rights action under 42 U.S.C. Sec. 2000e et seq. ("Title VII"). Mukherjee alleged that the former Assistant Director of Human Resources at the Hotel discriminated against him on the basis of national origin by terminating his employment as a busboy in the Hotel's Garden Court Restaurant. Mukherjee also alleged that he was terminated in retaliation for lodging complaints against various employees of the Hotel. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). Once the moving party has discharged its burden by demonstrating the absence of a genuine issue of material fact, the nonmoving party must "go beyond the pleadings, and by her own affidavits, or by 'depositions, answers to interrogatories, or admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). Where a party fails to make a showing sufficient to establish the existence of an essential element to that party's action, summary judgment shall be granted. See id. at 322.
 
 
 4
 * Termination Claim
 
 
 5
 Mukherjee contends that the district court erred by granting summary judgment for the Hotel because there is a genuine issue of material fact as to whether he was terminated because he is East Indian. This contention lacks merit.
 
 
 6
 In the discharge context, a plaintiff may establish a prima facie case of intentional discrimination under Title VII by showing (1) that he was within the protected class; (2) that he was doing his job well enough to rule out the possibility that he was fired for inadequate job performance; and (3) that his employer sought a replacement with qualifications similar to his own. Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1072, 1075 (9th Cir.1986). The requisite degree of proof necessary to establish a prima facie case of discrimination on summary judgment is minimal and need not rise to the level of a preponderance of evidence. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994).
 
 
 7
 In his form complaint, Mukherjee alleged that Rona Rosen, former Assistant Director of the Hotel, discriminated against him on the basis of national origin by terminating his employment. Mukherjee also alleged that Nasser Abu-Kishk, Manager of the Garden Court Restaurant, and Janet Hobby, former Assistant Manager of the Garden Court Restaurant, "harassed" him and subjected him to "physical and mental abuse" during the course of his employment. Mukherjee's complaint, however, contains no specific allegations of harassment on the basis of national origin.
 
 
 8
 In support of its motion for summary judgment, the Hotel submitted declarations from Rosen, Hobby and Mary Lee Sharp, former Director of Human Resources at the Hotel. Rosen stated in her declaration that she terminated Mukherjee because she "determined that [Mukherjee's] insubordination, failure to follow directions and refusal to work his scheduled assignment could not be tolerated." Rosen attached various documents to her declaration, including disciplinary forms, which established that Mukherjee had been disciplined numerous times over several months for failing to perform his duties or for insubordination. Sharp and Hobby's declarations, and the documents attached thereto, corroborated this evidence.
 
 
 9
 Mukherjee submitted no opposition to the Hotel's summary judgment motion, and he failed to appear at the hearing held on the motion. Mukherjee claims that he did not receive notice of the Hotel's pending motion because he had moved. The record reveals, however, that the court informed Mukherjee (1) that the Hotel would be submitting a motion for summary judgment, (2) that he had to respond to this motion by March 9, 1994, and (3) that a hearing on the motion would be held on March 23, 1994. The Hotel's proof of service established that the Hotel served notice of the motion on Mukherjee at his new address. The hearing date was plainly noted on the notice.
 
 
 10
 We conclude that Mukherjee failed to raise a genuine issue of material fact as to whether the Hotel discharged him because he is East Indian. Mukherjee failed to establish a prima facie case of intentional discrimination because he did not show that he performed his job "well enough to rule out the possibility that he was fired for inadequate job performance." Sengupta, 804 F.2d at 1075. There is ample evidence in the record which established that Mukherjee did not perform his job satisfactorily. Mukherjee was disciplined seven times in four months by four different members of the Hotel's managerial staff. Mukherjee failed to submit any evidence to controvert the Hotel's evidence. Accordingly, the district court did not err by granting summary judgment for the Hotel. See Celotex, 477 U.S. at 322; Sengupta, 804 F.2d at 1075.
 
 II
 Retaliation Claim
 
 11
 Mukherjee also contends that the district court erred by granting summary judgment for the Hotel because there is a genuine issue of material fact as to whether the Hotel terminated his employment in retaliation for the informal complaints which he lodged against several Hotel employees. This contention lacks merit.
 
 
 12
 Under Title VII, 42 U.S.C. Sec. 2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [an employee] has opposed any practice made an unlawful employment practice by [Title VII]." In order to establish a prima facie case of retaliatory discharge, a plaintiff must show that (1) he was engaged in a protected activity, (2) he was thereafter subjected by his employer to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. See Wallis, 26 F.3d at 891.
 
 
 13
 Here, Mukherjee apparently argues that he engaged in a protected activity by complaining to Rosen about "harassment," and that Rosen violated Title VII by terminating his employment for making such complaints. We disagree.
 
 
 14
 The evidence did not establish that Mukherjee opposed an employment practice made unlawful by Title VII. Although Mukherjee accused several Hotel employees of being "rude" and of "harassing" him in letters he sent to Rosen, he did not accuse any employee of discriminating against him on the basis of national origin. Mukherjee also testified at his deposition that during the course of his employment he was unaware that any such "harassment" was related to his national origin. Additionally, Rosen, Sharp and Hobby submitted declarations in which they stated that Mukherjee did not complain of national origin discrimination during his employment.
 
 
 15
 Because Mukherjee's informal complaints did not relate to conduct made unlawful by Title VII, he failed to show that he engaged in an activity protected by Title VII. See 42 U.S.C. Sec. 2000e-3(a). Accordingly, the district court did not err by granting summary judgment for the Hotel because Mukherjee failed to establish a prima facie case of retaliation.[1] See Celotex, 477 U.S. at 322; Wallis, 26 F.3d at 891; 42 U.S.C. Sec. 2000e-3(a).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mukherjee's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also properly denied Mukherjee's motion for reconsideration because Mukherjee failed to allude to any recognized grounds for granting such a motion. See Fed.R.Civ.P. 59(e), 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985)